# CAUSES DETERMINED

IN THE

# United States District Court

FOR THE

# District of Hawaii.

---

## UNITED STATES *vs.* TORAZO MIYAMURA.

### November 27, 1903.

*Criminal Law.—Indictment.—Several Felonies Charged in Separate Counts:* It was objected that the indictment charged the commission of two separate and distinct felonies in two counts. *Held:* the point is covered by Section 1024 R S., the two offenses, peonage and slavery, being of the same class of crimes and involving involuntary servitude as their main feature, which is the status the statutes punishing these offenses were intended to cure.

*Same.—Indictment.—Description of Offense:* The second count was objected to on the ground that it does not state sufficient facts to constitute a crime under the U. S. laws. *Held,* that where the statute in purely statutory offenses sets forth all the necessary elements of the crime, it may be sufficiently charged in the words of the statute; the count in question, describing the offense in the words of the statute and alleging facts of time and place and the name of the person alleged to have been held in involuntary servitude, held sufficient. Bill of particulars allowed.

Conspiracy: Motion to Quash Indictment.

Robert W. Breckons, U. S. District Attorney, for the Government.

John W. Cathcart, Attorney for Defendant.

1—U. S. D.

Dole, J.   The first objection, i. e., that the "indictment "charges this defendant with the commission of two separate "and distinct felonies in the two counts" is answered by Section 1024 Revised Statutes:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases the court may order them to be consolidated."

The two counts are presumably based upon the same transaction.

If it should appear during the trial that this was not the case, but that there were two transactions connected together, or that there were two separate transactions according to the several descriptions of the two counts, the indictment would still be within the statute, in that the two offenses charged are of the same class of crimes, i. e., peonage and slavery, both involving involuntary servitude as their main feature and being the status which the statutes relating to both offenses were intended to cure.

The second part of the motion asks that the second count of the indictment be quashed on the ground that the same does not state sufficient facts to constitute a crime under the laws of the United States.   The requirement in regard to sufficiency is briefly that the offense shall be so fully stated that the accused may know with what he is charged, and that a judgment may be pleaded in bar to a subsequent prosecution for the same offense; subject to this requirement, in purely statutory offenses where the statute sets forth all the elements necessary to constitute the offense, it may be sufficiently charged in the words of the statute.

This law applies to the issue raised by defendant's counsel in relation to the second count, which describes the offense in the words of the statute and alleges facts of time, place and the name of the person charged to have been held in involuntary servitude, sufficiently·to constitute a crime under the United States laws.

The motion to quash is overruled on both points.

In the absence of any special averments in the second count, of the place where the offense charged was committed, beyond the general allegation that it happened in the District of Hawaii, and of the nature of the involuntary servitude charged, the defendant may have, if he so desires, a bill of particulars on those points.